UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL ROBERT WILLIAM STAGNER, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:22-cv-00362 ) |
| KILOLO KIJAKAZI, acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM OPINION AND ORDER

In this social security appeal, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. No. 19) advising the Court to deny Daniel Robert William Stagner's Motion for Judgment on the Administrative Record (Doc. No. 13) and affirm the Social Security Administration's ("Commissioner") decision denying benefits. Stagner filed objections to the R&R (Doc. No. 20), to which the Commissioner has responded in opposition. (Doc. No. 21). But Stagner's objections are improper, and the Court agrees with the Magistrate Judge's recommended disposition. For the following reasons, the Court will overrule Stagner's objections.

I.     BACKGROUND

The Court will not repeat the entire factual background and procedural history of this case because it is aptly set forth in the R&R. (See Doc. No. 19 at 2–4, 6–11). In short, Stagner filed an application for Title II Disability Insurance Benefits ("DIB"), claiming he had been disabled and unable to work since August 1, 2016, due to headaches caused by a neck injury, lumbar spine

fusion, right foot drop, shoulder injuries, knee problems, arthritis, and sciatic nerve pain from a back injury. (AR at 80[1]).

The Administrative Law Judge (the "ALJ") determined that Stagner did not engage in substantial gainful activity during the period from his alleged onset date through his date last insured, June 30, 2019. (AR at 15). Nor was he "under a disability, as defined in the Social Security Act, at any time from August 1, 2016 . . . through June 30, 2019." (Id. at 26). The ALJ rejected Stagner's application, and on May 2, 2022, the Social Security Appeals Council denied his request for review. (Id. at 1–4).

On May 18, 2022, Stagner filed this action, (Doc. No. 1), which was referred to Magistrate Judge Alistair Newbern to recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 4). On January 6, 2023, the Magistrate Judge issued her R&R to this Court. (Doc. No. 19). Stagner now objects on two grounds. (Doc. No. 20).

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine *de novo* any part of the Magistrate Judge's disposition [on a dispositive motion] that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." See also 28 U.S.C. § 636(b)(1)(C). Only "specific written objections" to the Magistrate Judge's proposed factual findings and legal conclusions are considered "proper" for the district court's consideration. Fed. R. Civ. P. 72(b)(2). Moreover, the Court's Local Rules

---

[1] To be consistent with the R&R's citation conventions, the Court will cite to the certified administrative record (Doc. No. 10) as "AR" and will refer to all page numbers cited therein by the Bates stamp at the bottom right corner of each page.

require that proper objections "must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made . . . to apprise the District Judge of the bases for the objections." L.R. 72.02(a). "The filing of [improper] objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)).

Stagner has not properly objected to the R&R. His two objections are mere recitals of his prior arguments. (Compare Doc. No. 20, with Doc. No. 14). They are qualms with the ALJ—*not* with the R&R—and they avoid rather than acknowledge the Magistrate Judge's reasoning or the standard with which she reviewed the ALJ's decision. The Court will address the objections in turn.

A. Stagner's First Objection Fails to Engage with the Relevant Standard of Review.

Stagner's primary and overriding objection is that "[t]he [R&R] fails to properly address the frequency and severity of the Plaintiff's headaches on his ability to sustain competitive employment." (Doc. No. 20 at 1). According to Stagner, the Magistrate Judge erred because "the record unquestionably supports Stagner's allegation that his headaches significantly limit his ability to function, and the Commissioner failed to properly articulate the basis for a finding that Stagner can sustain competitive employment . . .". (Id. at 2). But this assertion, true or false, has no bearing on the R&R. Rather than confront the Magistrate Judge's stated rationale for affirming the ALJ's determination, Stagner's objection seeks to relitigate the issue altogether and focuses on the wrong issue.

The critical question before the Magistrate Judge was whether the ALJ's RFC determination was supported by substantial evidence and whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g); see also Walters v. Comm'r of Social Sec., 127 F.3d 525, 528 (6th

3

Cir. 1997). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficen[t] evidence' to support the agency's factual determinations." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence is "more than a mere scintilla . . . and means only . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consolidated Edison Co., 305 U.S. at 229). "[I]f substantial evidence supports the ALJ's decision, [the c]ourt defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" Blakley v. Comm'r of Social Sec., 581 F.3d 399, 406 (6th Cir. 2009) (quoting Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)).

Although Stagner understandably points to evidence in the record about his headaches that supports his claim of disability, (Doc. No. 20 at 1–2), "[m]erely marshaling evidence to suggest that he is disabled . . . is insufficient; to prevail on appeal, [Stagner] must demonstrate that the ALJ's determination that he was not disabled is not supported by substantial evidence." Peterson v. Comm'r of Soc. Sec., 552 F. App'x 533, 540 (6th Cir. 2014); see also Blakley, 581 F.3d at 406 ("The substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts."). He has not attempted to do so here, (Doc. No. 20 at 1–2), and for that reason, his objection must be discarded.

B. Stagner's Second Objection is Both Improper and Nonsensical.

Stagner's second objection fairs no better. Stagner asserts that "the R&R improperly addressed the Plaintiff's contention that COVID requires a reexamination of the entire labor market and Sixth Circuit precedent," (Doc. No. 20 at 2), by finding that "Stagner had not explained what impact he believes the COVID-19 pandemic has had on the availability of the jobs the ALJ found that Stagner could perform." (Id.). Stagner does not contend he had explained his theory

4

in his prior briefings. (See generally id.). Instead, he offers vague assertions about the effects of the COVID-19 pandemic, untethered to any authority, to appeal to some version of what he hopes this Court will consider "common sense." (Id.). These threadbare assertions were not made to the Magistrate Judge, nor do they challenge her proposed factual findings or legal conclusions; they are therefore improper. See Hancock v. Social Security Admin., No. 3:18-cv-00220, 2019 WL 192674, at *2 (M.D. Tenn. Jan. 15, 2015) (citing Kuhn v. Washtenaw Cnty., 709 F.3d 612, 624 (6th Cir. 2013)). This Court need not interrogate it further.

But even if the Court confronted this objection on its merits, Stagner would not succeed because the argument cannot withstand the slightest scrutiny. To justify his proposed reexamination of the labor market and the relevant Sixth Circuit precedent, Taskila v. Commissioner of Social Security, 819 F.3d 902 (6th Cir. 20016), Stagner states, in full:

> The COVID-19 pandemic has changed the world in many ways, including but not limited to how we interact, how we travel, and, in this forum, how we work. The vocational witness offered a small sample of jobs the Plaintiff could possibly perform, but the number of jobs identified was based on data pre-existing the COVID-19 pandemic. The labor market has changed, forever, and what jobs (and in what numbers) available prior to COVID may be no more. Perhaps there are more occupations in some sectors, and less occupations in others, but the data regarding the availability of jobs is still emerging. Perhaps there are a significant number of jobs in the national economy Stagner could perform, but perhaps there is not, so a remand with specific instructions for the Commissioner to evaluate whether the jobs identified are still available in the numbers offered in a post-COVID world is indeed appropriate, and [a] revisiting of the holding [in] Taskila is warranted.

(Doc. No. 20 at 2–3). Stagner does not dispute that he last met the insured status requirements of the Social Security Act on June 30, 2019. (AR at 15). Thus, the relevant window entirely predates the COVID-19 pandemic, and the ALJ did not err when it applied the vocational expert's pre-COVID data "[t]hrough the date last insured," (AR at 25), nearly a full year before Stagner's supposed watershed event. The flaw in Stagner's objection could not be more obvious.

5

Case 3:22-cv-00362   Document 22   Filed 03/20/23   Page 5 of 6 PageID #: 796

The same can be said regarding Stagner's contention that his claim requires that the Court revisit Taskila v. Commissioner of Social Security, 819 F.3d 902 (6th Cir. 2016). As the Magistrate Judge aptly explained, "in Taskila, the Sixth Circuit rejected the claimant's argument that 6,000 jobs nationwide did not amount to a significant number of available jobs and held instead that [6,000] jobs in the United States fits comfortably within what [the Sixth Circuit] and others have deemed significant." (Doc. No. 19 at 22 (citation and internal quotation marks omitted)). Setting aside the fact that the ALJ found that there were far more jobs available to Stagner than the heuristic set in Taskila, (see AR at 25 (finding that there were approximately 31,330 jobs available to Stagner in the national economy during the relevant period)), the Sixth Circuit decided Taskila less than four months before Stagner's alleged onset date. See 819 F.3d at 902 (indicating the Sixth Circuit published the case on April 15, 2016). Thus, the notion that COVID-19 rendered it invalid as applied between August 2016 and June 2019 fails on its face.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The R&R (Doc. No. 19) is **APPROVED AND ADOPTED**;

2. Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 13) is **DENIED**; and

3. The Commissioner's decision denying benefits is **AFFIRMED**.

The Clerk of the Court shall enter a final judgment in accordance with Federal Rule of Civil Procedure 58 and close this file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE